The Honorable United States Court of Appeals in the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their attendance, and they shall be heard. Godspeed, United States of America, and this Honorable Court. Please be seated. Today's cases will be called as previously announced, and the times will be as allotted to counsel. The first case today is 18-1643, the United States v. Bregu. Counsel. Good morning, judges, and may it please the Court. Attorney Joseph Simons on behalf of the appellate O'Lear Bregu. Before I get started, Judge Lynch, may I reserve two minutes for rebuttal? Yes, certainly. Thank you. May I proceed? Yes. This is a fairly straightforward argument, and Mr. Bregu is appealing the denial of a motion to suppress multiple warrants. The first warrant had to do with the cell site data, which allowed the FBI to observe Mr. Bregu coming from New York, traveling to Massachusetts, Again, that served as the backbone to subsequent cell site warrants, and then ultimately, again, to a warrant that allowed it. So do you concede that if there was an adequate basis for the warrant for that first cell phone information, that the rest of the challenges disappear? Yes, because the second and third and ultimately the Lincoln, yes. They build on the information from the first. From the first. That's right, Your Honor. The first and also from the similar information that supported the first, which was the confidential informant information. Right. But you would still have independently the claim for the warrant with respect to the automobile search? Yes. I do. Okay. Yes. So with respect to the confidential informants, which is really Mr. Bregu's biggest contention here, is that there was three confidential informants. The first one provided it, the CI1 provided information back in 2012, naming Mr. Bregu as a drug supplier. The warrant that ultimately, the first warrant was in 2015. Over two years after that, information was provided to law enforcement. The information I would suggest is stale. It doesn't provide any reliability that there would be helpful information, that there would be probable cause to grant that warrant based on CI1. CI2 provided information that Mario Scotta, who was a co-conspirator, had been selling drugs for years. He was a local police informant. Although the affidavit doesn't lay out what his past services had rendered. Did it result in arrests? Were there convictions? Counsel, you seem to treat the order at issue as entirely dependent upon confidential informants. But that doesn't misrepresent, does it not, the fullness of the affidavit? I mean, for example, there was a lot of observational information. So your attempt to sort of pigeonhole this as an affidavit that relies primarily on confidential informants, and hence there has to be more evidence perhaps than there was of the reliability informants, somewhat misportrays the nature of the supporting affidavit, does it not? I don't think it misrepresents. I think that the criminality, the potential for any sort of wrongdoing that would support a warrant, has really its basis in these confidential informants. Because if you take away the confidential informants, if you were to agree that these confidential informants didn't provide sufficient reliability, first-hand knowledge, there wouldn't be, I would suggest that there wouldn't be enough for a warrant, given that the law enforcement observed Mr. Brayview having a mere association with people who, I would concede, the Scottis, the co-conspirators, there was substantially more information about. But mere association wouldn't be enough. But even if that's so, and I don't necessarily agree that it is, it overlooks the fact that any information obtained from the confidential informants, that much of it was substantially corroborated by the physical observations and other investigative materials that Judge Lopez referred to. I'm not sure if I'm completely on the same page with Your Honor. Are you meaning with the Scottis, the information that was corroborated about the- Well, information from the physical surveillance as to the movements of the parties, the degree of contact, the length of the visits, things that were completely consistent with what the confidential informants were telling the police? There was some corroboration that there was, again, I would assert an association, but before the cell site data was in the hands of law enforcement, they didn't track Mr. Brayview going from New York directly to Massachusetts and back again. For all they knew at that point, he could have been staying here with a relative, he could have been living here, relocated. There wasn't enough without the cell site data, I would suggest. This goes back to the fact that you're focusing on the first warrant for the cell site data and much of the observational data comes after that warrant was issued. Is that correct? That's right. So there was substantially more, if the first warrant was rightfully granted, then there was substantially more corroboration for each ensuing warrant. Okay, but as to the car issue, obviously the observations are quite significant for that. Do you want to talk about that issue? Obviously there was more corroboration, I agree with that, but I still would assert that there was an association, and going back and forth from New York to Massachusetts and staying for relatively short periods of time, meeting at a gas station, I can understand the suspicion, but to be honest, without more, I would suggest that's not enough because somebody could be meeting for all sorts of reasons. There could be some legal basis to be simply meeting people who are otherwise engaged in drug activity. Excuse me. That gas station incident, wasn't it a little more than just two cars at a gas station? Wasn't there some evidence that something was exchanged between the parties? There was some evidence that there was. I think the allegation was that Mr. Bringview had gone to the Skoda car and placed a bag inside. Very significant? I guess it depends on the way that it would be characterized by the justice issuing the warrant. I think that in that case, again, there was no exchange of money ever observed by law enforcement. Not that that's a requirement, but the fact that Mr. Bringview was alleged to have given a bag of something, a grocery bag, in a car, again, doesn't mean that he was engaged in illegal activity. I would discern corroborate drug activity in and of itself, and again, even with the transportation back and forth from New York. But again, I think I agree with Judge Lynch initially. I think my strongest argument for Mr. Bringview is that the first warrant should never have been granted, and then if that was never granted, then a subsequent. Just on that point, the confidential informant was known to the opposite. There's nothing anonymous about these confidential informants. There was a preexisting relationship between the officer and this confidential informant. He had been debriefed by him. I think we do think, excuse me, we've said in our cases, that that kind of relationship does have some relevance to the reliability of the confidential informant. There was such a relationship here, was there not? Yes, I believe the evidence shows there was, but I think that's not where it stops. There also has to be an analysis of what the basis of knowledge is and whether there was any first-hand information, first-hand knowledge. Thank you. Your Honors, may it please the Court, Randall Cromwell on behalf of the government. Focusing on the issue which seems to be the greatest issue of concern, which is the reliability of the cooperating informant number one, which is really the only one who provides additional information that's not readily apparent from other sources, I think that what is really sort of unappreciated in the presentation the defendant has provided is the amount of corroboration there really was. There was not a great deal of information about what information the person had provided in the past, but as Judge O'Kless has noted, there was information that he'd been debriefed by and was known to the special agent, which this Court has said, how can this appear to be true? So how long? That is not clear. It's simply that he's been debriefed by him and he's known to him and has worked as an informant. So we don't know the length of time. And these were state officers, not federal officers. This one, my understanding is it's special agent Costello himself was the one who had debriefed. Okay. So very frequently we're left with a lack of information that might well have been helpful had it been in the warrant. In fact, the Supreme Court is facing that issue out of the Florida case, I think. So why wasn't that information put in? I'm not sure in this case why. With respect to the other informants, there was additional information about the person that had been provided helpful information in prior cases. One can draw the inference that perhaps that didn't exist in this case, but I would say that based on the corroboration and other factors, there was enough to consider it. And again, the question is not whether it gets you over the hurdle of probable cause itself, but simply whether this Court should consider it. So he says some of the information came from 2015 and was stale and should just be dropped out. What's your response? Well, what this Court has said in a number of cases, I think McElroy may be the most recent, is that the information may be considered if the affidavit also contains recent facts that corroborate the older data and link it to the present. And here I think that's what the affidavit does, which is it draws sort of a continuous chain of information arriving in 2012, 2013, 2014, and 2015, all of which is mutually corroborating and tells the same story. You have the information from 2012 saying that Minow and Bregula were working together to sell oxycodone. In 2013, Calgary was arrested. He said Minow is his supplier. He believes that Minow's supplier is in New York. So that's corroboration. But you have additional corroboration then when Bregula's car starts to show up a year later with the Scottis and making these return trips. So what you have is information that sort of is consistent throughout and not in any way inconsistent with the story that was originally told. I think that satisfies the requirement of essentially updating and bringing to the present what would otherwise be older information. Your answer prompts me to ask a question I hadn't thought of earlier, which is is there a difference in how this court has approached staleness issues when more than one confidential informant is involved and only one confidential informant's information is said to be stale? I can see that there might be a difference if there was only one confidential informant as opposed to several and the cumulative effect. I'm not aware of anyone who has made this distinction. I'm aware of cases saying that confidential informants can mutually corroborate each other even if they individually might not be worthy of consideration but not where they're differently placed in time. And I would also point out, because I think it's important, that there was some immediate corroboration of CI1's information. He gave the names of two people and his statement was that one was in New York and one was in Massachusetts. And the agent, apparently using public records, was able to verify that there were people of those names living in those locations. So that is at least some corroboration of a fact that was immediate. And then greater corroboration came with time, particularly with Calgary's arrest and other events that happened. Counsel, although the opposing counsel did not use the term in his argument in his briefing, he talks about the anticipatory warrant and sort of invokes sort of that framework as a way of analyzing it. Do you accept the characterization that the warrant at issue here was, in a classic sense perhaps, an anticipatory warrant? We don't. What we point out in the brief is that the government, while noting that it would as a matter of practice, it was intending to execute the warrant when the person came into the jurisdiction. And it's worth noting that the person was in New York, so it wouldn't have been easy for them to execute it when he was elsewhere. And so they planned to do it when he next came. I guess the question is whether you characterize it as a triggering condition or simply information being provided as to whether, as a matter of practical necessity, they were likely to do with the warrant. I thought from your brief that you resisted the categorization of it as an anticipatory warrant. Well, we argued in the alternative that it did not exist.   It was a warrant. It was a warrant. It was a warrant. It didn't need to be characterized that way, partly because we asked for it to be executed at any time, day or night, and the box was checked on the warrant itself to say that it could be, so that it doesn't need to be characterized as one. We argued in the alternative that it was satisfied because the triggering condition, to the extent it was identified, was when the person came back from the pen and that's when it was. All that I'm saying is that if your first argument is correct, your second argument never has to be addressed. Right. And, Your Honor, there's also where we argue as a third argument that they didn't need a warrant for this particular arrest because it's common ground between the briefing of the parties. The arrest occurred directly after a preserved drug deal. But that is an argument the Court need not reach based on the first two arguments. If there aren't any further questions, we rely on our brief and ask the Court to affirm. Thank you very much. Thank you. Counsel, you have two minutes. Okay, thank you. I may not even need two minutes. Opposing counsel had discussed the confidential informants 2 and 3 having either corroborated or sufficiently linking the first confidential informant to the information provided more recent in time by confidential informant 2 and 3. I would argue, though, that confidential informant 1, back in 2012, had named Mr. Bragu as a drug supplier, but that confidential informant 2 and 3 were focused on the SCOTUS and not on Mr. Bragu, and so that anything that they provided to law enforcement didn't have Mr. Bragu's information, didn't have anything to do with Mr. Bragu continuing to sell narcotics or engage in the drug trade. And so I would suggest numbers 2 and 3 don't rehabilitate the remoteness in time and the staleness of C.I. 1's information provided to law enforcement. In terms of observational information, doesn't the affidavit describe your client traveling in his vehicle to their residence in Revere? Isn't that part of the observational information? So he's tied to them in that way, isn't that correct? He is. You're right. He's tied to them in that way. But again, that alone, if it were just C.I. 2 and 3 about the SCOTUS, that they're engaged in drug dealing, and the fact that Mr. Bragu then goes to visit the SCOTUS, even if he goes multiple times, that alone isn't enough because you can visit friends that are involved in drug trade. Not every single person that he visits is enough to say that they're all involved in the drug trade. But it's easy to say that alone isn't enough. But the point is that it's the accumulation of all of these facts, which collectively gives you probable cause to believe that there's drug distribution going on. The fact that C.I. 2 and C.I. 3 have identified the SCOTUS as drug dealers and then Bragu is observed to go visit them tends to strengthen the inference that comes from C.I. 1's initial tip. My time is up. May I respond? Yes, of course. Okay. I understand that there's some strengthening. But again, I would argue that C.I. 1, given the remoteness of time, is not rehabilitated by C.I. 2 and 3 that are focused merely on the SCOTUS. And again, a mere association, spending time going to somebody's house, that is a drug dealer, doesn't make one a drug dealer as well. Before you sit down, I have a question. Going back to the warrant to search the car, what do you gain by putting the label anticipatory warrant on this? You know, I thought about that in anticipation of this argument, and I think I don't because the Grubbs decision basically says that all warrants are in a way anticipatory. So I think I don't, and I recognize the government's argument there. Okay. I appreciate the concession. Thank you. Okay. Thank you.